UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 13 |
|  | ) Case No. 07-44220-MSH |
| BRIAN WALSH | ) |
|  | ) |
| Debtor. | ) |

**MEMORANDUM OF DECISION ON MOTION FOR RELIEF FROM STAY**

   The Bank of New York Mellon Trust Company seeks relief from the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, to foreclose its first mortgage on the residence of Brian Walsh, the pro se debtor in this case. The debtor disputes the bank's entitlement to relief claiming the bank has forgiven the debtor's outstanding payment arrearage of approximately $45,000[1] and has agreed not to proceed with foreclosure. The basis for the debtor's rather startling position is that in August, 2010, he made a $1494.89 payment to the bank by a cashier's check upon which he handwrote "endorsing stops all foreclosure proceedings and continues loan" and then in September, 2010, he made a $1522.16 payment by cashier's check upon which he handwrote "endorsing forgives arrears + related fees and continue the loan as current." Since the bank endorsed and deposited each of the checks, the debtor claims the arrearage has been settled, foreclosure discontinued and the loan reinstated. For the reasons discussed below, I will overrule the debtor's objection and grant the bank's motion.

   While the debtor, not surprisingly, omits technical terminology from his argument, it is

---

[1] This amount includes prepetition arrears of approximately $20,000 as set forth in the bank's proof of claim and post petition arrears of approximately $25,000 as set forth in the motion for relief from stay.

1

clear that he is attempting to assert the doctrine of accord and satisfaction to defeat the bank's request for relief from stay. The discharge of a claim by means of accord and satisfaction through the use of a negotiable instrument is governed by section 3-311 of the Uniform Commercial Code, adopted in Massachusetts in Mass. Gen. Laws ch. 106, § 3-311.

The structure of Mass. Gen. Laws ch. 106, § 3-311 is relevant. Subsections (b) and (d) of the section allow a claim to be discharged upon tender of a negotiable instrument purporting to satisfy that claim in full under specific conditions set forth therein. Subsection (c) articulates circumstances when, despite compliance with subsection (b), a claim is nevertheless not discharged. Subsection (a) is the gatekeeper to the statute. Before a tender is even eligible to be considered an accord and satisfaction, the tendering party must prove compliance with subsection (a). That subsection provides:

> If a person against whom a claim is asserted proves that (i) that person **in good faith** tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was **unliquidated or subject to a bona fide dispute**, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(Emphasis supplied). The debtor cannot surmount or circumvent subsection (a). For purposes of Article 3 of the UCC, good faith is defined as " honesty in fact and the observance of reasonable commercial standards of fair dealing." Mass. Gen. Laws ch. 106 § 3-103(a)(4). While the phrase "bona fide dispute" is not defined in the UCC, Bankruptcy Judge Hillman of this district defined it as "an honest dispute between the parties, based on disagreement regarding the validity or fairness of the contract, not simply based on the 'mere pretense' of the debtor attempting to avoid a payment he clearly owes." "Memorandum of Decision," In re GCP CT School Acquisition, LLC, No. 09-11846-WCH (Bankr. D. Mass. October 28, 2010), at *15, quoting Jones v. Baltimore Life Ins. Co., 2007 WL 1713250 at *11. See also Potter v. Pac. Coast Lumber Co.

2

Of California, 37 Cal.2d 592, 600 (Cal. 1950).

In this case the debtor, who has the burden of proof on all issues, Wong v. Paisner, 14 Mass. App. Ct. 923, 924, 436 N.E.2d 990, 991 (1982), must demonstrate, among other things, that he acted in good faith *and* that the amount of the claim in question, namely the bank's payment arrearage claim, is either unliquidated or subject to a bona fide dispute.   There is no allegation that the claim is unliquidated so the debtor must show that the claim is subject to a bona fide dispute. The debtor, however, has never disputed the amount of the claim. He has neither objected to the bank's timely filed proof of claim nor has he disputed the arrearage amounts set forth in the bank's motion for relief.   In fact, the debtor's confirmed Chapter 13 plan provides for payment of the bank's prepetition arrearage claim. The debtor's failure to object to the bank's proof of claim, which is prima facie valid, and his failure to deal with the fact that under his confirmed plan the bank's prepetition arrears presumably have been and will continue to be paid by the Chapter 13 trustee, undermine both his good faith and any credible argument for the existence of a bona fide dispute, especially with respect to the prepetition arrears.[2]   The debtor's attempt to eliminate all payment arrears to the bank by writing disclaimers on two checks is nothing more than a "mere pretense" to avoid paying a debt he knows is due.

][Remainder of page left blank]

---

[2] Although, at oral argument, the debtor asserted the loan was "predatory," he has never taken any steps to pursue this allegation.   The mere assertion at oral argument is not sufficient to carry his burden.

3

I find that the debtor's tender to the bank of the annotated payment checks was neither in good faith nor related to a claim in bona fide dispute and, accordingly, rule that such tender did not achieve an accord and satisfaction of the bank's arrearage claim. Therefore, the bank's motion for relief from stay will be allowed. A separate order shall issue.

Dated: December 16, 2010                                              By the Court,

                                                                      Melvin S. Hoffman
                                                                      U.S. Bankruptcy Judge